O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEIDENHEIMER, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>O'REILLY AUTOMOTIVE STORES, INC., a Missouri corporation; CSK AUTO, INC., an Arizona corporation; OSCAR CORONA, an individual,<br><br>        Defendants. | Case No. CV 13-09568 DDP (VBKx)<br><br>**ORDER RE DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO QUASH**<br><br>[Dkt. No. 87] |

The Court is in receipt of Defendant CSK Auto, Inc.'s Opposition to Plaintiff's Ex Parte Application. (Dkt. No. 87.) Defendant seeks for the Court to reconsider its Order granting the Ex Parte Application. (Dkt. No. 86.) The Scheduling Order in this case has been modified by the Court pursuant to joint stipulations by the parties several times. As amended, the fact discovery cut-off was April 27, 2015, and the last day to file motions was June 29, 2015. (Dkt. No. 29.) Expert discovery was modified to end on July 31, 2015. (Dkt. No. 31.) On June 29, 2015, Defendant filed a Motion for Summary Judgment. (Dkt. No. 34.) The Court denied the

Motion on October 7, 2015. (Dkt. No. 55.) Again pursuant to the parties' stipulation, the Court granted two continuances of the pretrial conference and trial dates, which are now respectively February 1, 2016, and February 16, 2016. (Dkt. Nos. 53, 57.)

Then, on December 31, 2015, Defendant filed its first Ex Parte, seeking to reopen fact discovery and for the Court to compel Plaintiff to sign an authorization granting Defendant access to Plaintiff's records with the EDD and SSA. (Dkt. No. 58.) Plaintiff opposed the ex parte, with Plaintiff's opposition filed the next working day of the Court, January 4, 2016. (Dkt. No. 61.) On January 11, 2016, the Court denied Defendant's Ex Parte. (Dkt. No. 63.)

Defendant sent trial subpoenas to the EDD and SSA on January 12, 2016. (Dkt. No. 78-3.) Plaintiff responded on January 13, 2016, telling Defendant that he opposed Defendant's trial subpoenas and intended to file an ex parte motion to quash the subpoenas. (Dkt. No. 87-1 Ex. D.) After a meet and confer, Defendant refused with withdraw the subpoenas, so Plaintiff filed an Ex Parte Application to quash on January 22, 2016. (Dkt. No. 78.) There was no opposition from Defendant.

On January 27, 2016, the Court granted Plaintiff's Ex Parte Application to quash because the motion was unopposed and supported by good cause and legal basis. (Dkt. No. 86.) Later that same day, after the Court issued its Order, Defendant filed its Opposition. (Dkt. No. 87.) The Court holds that Defendant's Opposition comes too late. Discovery has been closed for a long time, and the trial date is upcoming on February 16, 2016. Defendant could have sought this information at many different

times, and Defendant could and should have opposed Plaintiff's Ex Parte in a timely manner, demonstrating the legal basis for the trial subpoenas. Because Defendant failed to do this, the Court will not reconsider its Order.

IT IS SO ORDERED.

Dated: February 1, 2016

DEAN D. PREGERSON
United States District Judge